FILED

FEB 13 2019

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 2:19cr68-WKW |
| v. ) | [18 U.S.C. § 1343; |
| ) | 18 U.S.C. § 2] |
| MARIE ANTOINETTE BOZEMAN ) | |
| ) | INDICTMENT |

The Grand Jury charges:

## BACKGROUND

At all times material to this Indictment:

1. Defendant Marie Bozeman was a resident of Montgomery, Alabama.

2. Alabama Power Company (Alabama Power) was a wholly owned subsidiary of Southern Company headquartered in Birmingham, Alabama. Alabama Power provided electricity services to individual and business customers located throughout Alabama.

3. Alabama Power permitted its customers to pay electricity bills using a telephone system known as "Bill Matrix." This telephone system involved the use of interstate wire communications. To pay a bill using the Bill Matrix system, a customer was required to enter into a touch-tone telephone the customer's Alabama Power account number and the 16-digit number associated with the credit or debit card the customer wished to use to make the payment. The customer was not required to enter the card verification value (CVV) number associated with the card being used to make the payment.

4. Defendant Bozeman was not an employee of or affiliated with Alabama Power.

5. Bank of America Corporation (Bank of America) was a financial services corporation. Bank of America offered to individual customers checking account services.

Customers with checking accounts could obtain debit cards. Those debit cards had 16-digit account numbers and 3-digit CVV numbers associated with them.

7. Defendant Bozeman had—issued in her name—a Bank of America debit card.

## COUNTS 1 THROUGH 9
(Wire Fraud)

8. The factual allegations contained in paragraphs 1 through 4 of this Indictment are realleged and incorporated herein as if copied verbatim.

9. Beginning on an unknown date and continuing until in or about December of 2016, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

MARIE ANTOINETTE BOZEMAN,

aided and abetted by others and aiding and abetting others, knowingly and willfully executed and attempted to execute a scheme and artifice to obtain, by means of materially false and fraudulent representations, money and property, in violation of Title 18 United States Code, Section 1343 and Title 18, United States Code, Section 2.

## MANNER AND MEANS

10. It was part of the scheme that:

   a. Defendant Bozeman would offer to pay Alabama Power electricity bills on behalf of other individuals. Bozeman would accept, from an individual, a cash payment equal in value to less than the amount owed by the individual to Alabama Power;

   b. In making this offer, Bozeman would falsely hold herself out as either an employee of Alabama Power or a close associate of an employee of Alabama Power;

   c. Once an individual made a cash payment to Bozeman, Bozeman would use a 16-digit debit card number similar to—but not identical to—the number associated with her

2

Bank of America debit card to pay the bill on behalf of the individual;

    d.    Bozeman would make these payments using Alabama Power's telephonic Bill Matrix system;

    e.    By using the Bill Matrix system, Bozeman would transmit communications by means of wire communications in interstate commerce;

    f.    Bozeman would obtain the 16-digit numbers she used to fraudulently pay others' utility bills by randomly selecting numbers similar to the number associated with her account;

    g.    After Bozeman would make a payment on an individual's behalf, Bozeman would receive a confirmation number from Alabama Power confirming that the payment had been made; and

    h.    Upon receiving this confirmation number, Bozeman would send the number to the individual on whose behalf Bozeman had made the payment, doing so by text message, which involved the use of wire communications in interstate commerce.

## THE CHARGES

11.    On or about each of the dates set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

### MARIE ANTOINETTE BOZEMAN,

for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | CUSTOMER | ON OR ABOUT DATE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|
| 1 | G.T. | July 1, 2016 | $420.00 |
| 2 | M.B. | July 9, 2016 | $270.00 |
| 3 | A.C. | August 3, 2016 | $360.00 |
| 4 | M.B. | August 5, 2016 | $220.00 |
| 5 | R.J. | August 23, 2016 | $300.00 |
| 6 | G.T. | August 28, 2016 | $300.00 |
| 7 | N.J. | September 2, 2016 | $600.00 |
| 8 | J.S. | September 2, 2016 | $436.02 |
| 9 | G.T. | September 15, 2016 | $320.00 |

Each in violation of Title 18, United States Code, Section 1343 and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

A. The allegations contained in counts 1 through 9 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

B. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343, set forth in counts 1 through 9 of this Indictment, the defendant,

MARIE ANTOINETTE BOZEMAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), all proceeds obtained, directly or indirectly, from the offenses in violation of Title 18, United States

Code, Section 1343, including, but not limited to, a Forfeiture Money Judgment in the amount of $3,226.02, more or less.

  C. If any of the property described above, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

  All pursuant to Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

_____
Foreperson

_____
LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Jonathan S. Ross
Assistant United States Attorney

5